UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN CARTER, | : | CIVIL ACTION No. |
| Plaintiff, | : | 3:13-CV-820 (JCH) |
| | : | |
| v. | : | |
| | : | September 23, 2015 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**RULING RE: MOTION FOR RECONSIDERATION (Doc. No. 15) AND APPLICATION FOR BAIL PENDING RESOLUTION OF MOTION (Doc. No. 16)**

**I.   INTRODUCTION**

The court denied petitioner Kevin Carter's Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") (Doc. No. 1).  See Ruling Re: Motion to Vacate, Set Aside, or Correct Sentence (the "section 2255 Ruling") (Doc. No. 14).  Carter filed a Motion for Reconsideration (Doc. No. 15) (the "Motion"), and an Application for Bail Pending Resolution of the Motion (Doc. No. 16).  For the reasons that follow, the court denies Carter's Motion and terminates Carter's Application as moot.

**II.   STANDARD**

The standard for granting a motion for reconsideration is strict, and such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A court should not grant a motion for reconsideration where the moving party seeks only to re-litigate an issue already decided.  See id.  In general, granting a motion for reconsideration is only justified if

there is an intervening change in controlling law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l. Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

### III.   DISCUSSION

The court assumes familiarity with the facts of this case. Carter first seeks reconsideration of the court's Ruling on the ground that the court overlooked several cases that, he claims, bear on the question whether the sentencing in his case was procedurally unreasonable. See Motion for Reconsideration (Doc. No. 15) at 2-5. As discussed in the court's section 2255 Ruling, Carter's sentencing was procedurally reasonable, as Judge Burns stated on the record her reasons for imposing sentence within the Guidelines. See Ruling Re: Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 14) at 10-11. The cases cited in Carter's Motion cannot "reasonably be expected to alter the conclusion reached by the court" in its section 2255 Ruling. See Shrader, 70 F.3d at 257.

The court also finds Carter's reliance on North Carolina v. Pearce, 395 U.S. 711 (1969) misplaced, as this case was expressly overruled in Alabama v. Smith, 490 U.S. 794 (1989). Furthermore, there could be no "presumption of vindictiveness," see Wasman v. United States, 468 U.S. 559 (1984), where the second-in-time sentence (the

2

"presumptively vindictive" one) was fully 171 months <u>shorter</u> than the first-in-time sentence by the petitioner's own admission.  <u>See</u> Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") (Doc. No. 1) at 2-3 (recounting that Carter's original sentence was for 360 months and his second sentence following a successful section 2255 petition was 189 months).  Consequently, Carter's reliance on <u>Pearce</u> and <u>Wasman</u> do not merit reconsideration of the court's section 2255 Ruling.

In light of the foregoing, the court finds Carter's remaining contentions regarding ineffective assistance of counsel, <u>see</u> Motion for Reconsideration (Doc. No. 15) at 7, as lacking merit.

## IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** Carter's Motion for Reconsideration (Doc. No. 15) and **TERMINATED AS MOOT** Carter's Application for Bail Pending Resolution of the Motion (Doc. No. 16).  As the court stated in its section 2255 Ruling, because the petitioner has not made a "substantial showing" of a denial of a constitutional right, a certificate of appealability will not issue.  <u>See</u> Ruling Re: Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 14) at 15.  <u>See also</u> 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

Dated this 23rd day of September, 2015, at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
Chief United States District Judge